NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO ORTEGA-HERNANDEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-72272 Agency No. A206-191-543 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2022
Seattle, Washington

Before:  GILMAN,[**] IKUTA, and MILLER, Circuit Judges.

Gerardo Ortega-Hernandez, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals affirming an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). The Board also denied

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Ortega-Hernandez's motion to remand his case to the immigration judge so that he could apply for cancellation of removal under 8 U.S.C. § 1229b. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review the agency's legal determinations de novo. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022).

1. The Board determined that Ortega-Hernandez was ineligible for asylum because his claim was untimely. He does not seek review of that determination.

As to the claim for withholding of removal, substantial evidence supports the Board's conclusion that Ortega-Hernandez made inconsistent statements and that his testimony was not credible. The Board—and the immigration judge, whose decision the Board adopted—identified numerous inconsistencies in Ortega-Hernandez's story regarding the timing of the threats he received, his return trips to Mexico, and his discussion of the police chief's murder. Without credible testimony, Ortega-Hernandez did not satisfy his burden of proof for withholding of removal.

We dismiss Ortega-Hernandez's challenge to the denial of CAT relief. Ortega-Hernandez did not raise his CAT claim before the Board. Because he failed

to exhaust that claim before the agency, we lack jurisdiction to consider it. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 894 (9th Cir. 2021).

2. We reject Ortega-Hernandez's challenges to the Board's denial of his motion to remand. Under 8 U.S.C. § 1229b(b), the Attorney General may cancel the removal of certain aliens and adjust their status to that of lawful permanent residents. In 8 U.S.C. § 1252(a)(2)(B), Congress specified that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" various enumerated statutory provisions, including section 1229b, which permits cancellation of removal. In *Patel v. Garland*, the Supreme Court held that the statute's jurisdiction-stripping provision "encompasses any and all decisions relating to the granting or denying of discretionary relief." 142 S. Ct. 1614, 1621 (2022) (internal quotation marks omitted). We assume, without deciding, that *Patel*'s holding applies to a motion to remand such as that at issue here. Even so, the jurisdiction-stripping statute contains an exception: It does not "preclud[e] review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Ortega-Hernandez makes only constitutional or legal arguments. We therefore have jurisdiction to consider those arguments, but they lack merit.

First, Ortega-Hernandez suggests that the Board violated due process by inadequately explaining its reasoning. The Board is not required to "engage in a lengthy discussion of every contention raised by a petitioner." *Hernandez v.*

3

*Garland*, 52 F.4th 757, 768 (9th Cir. 2022). Instead, it need only provide an explanation of its decision that is sufficient to permit meaningful judicial review. It did so here.

Second, Ortega-Hernandez challenges the Board's determination that he failed to establish a prima facie case for cancellation of removal. To establish a prima facie case for cancellation of removal, an alien must show "that removal would result in exceptional and extremely unusual hardship" to a person with a qualifying relationship. 8 U.S.C. § 1229b(b)(1)(D). In his brief before the Board, Ortega-Hernandez was silent on that requirement, mentioning that he had a qualifying relationship to his spouse but offering no explanation—let alone any evidence—to suggest that she would suffer any "exceptional and extremely unusual hardship" as a result of his removal. In denying Ortega-Hernandez's motion, the Board made a legal determination that in the absence of any allegations regarding a required element for cancellation of removal, an alien cannot establish a prima facie case for cancellation of removal. That determination was correct.

The motion for administrative closure (Dkt. No. 29) is denied. *See Sarkar v. Garland*, 39 F.4th 611, 620 (9th Cir. 2022). The motion for a stay of removal (Dkt. No. 1) is denied. The temporary stay of removal is lifted.

**PETITION DENIED in part and DISMISSED in part**.

4